AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | |
| **ZOILO ROBLERO-ROBLERO,** | ) | Case No.   8:26-MJ-81 (ML) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of April 13, 2026, in the county of Franklin in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | The defendant, an alien, after having been previously removed from the United States, was thereafter found in the United States without having obtained the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, to reapply for admission to the United States. |

This criminal complaint is based on these facts:
See attached affidavit.

☒    Continued on the attached sheet.

DYLAN J THOMAS

Digitally signed by DYLAN J THOMAS
Date: 2026.04.15 15:00:21 -04'00'

_____
*Complainant's signature*

U.S. Border Patrol Agent Dylan J. Thomas

_____
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date:    April 16, 2026

_____
*Judge's signature*

City and State:    Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
_____
*Printed name and title*

*United States of America v* **Zoilo ROBLERO-ROBLERO**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Dylan J. Thomas, hereby depose and state under penalty of perjury:

1.      I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke Border Patrol Station. I have been a Border Patrol Agent since August 2017. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agent's authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases.  It does not set forth all of my knowledge about the investigation.

2.      I submit this affidavit in support of a criminal complaint charging defendant Zoilo ROBLERO-ROBLERO with violating 8 U.S.C. § 1326(a).

### Probable Cause

3.   On April 13, 2026, at approximately 5:30 P.M., a dark colored Hyundai bearing New York license plates KXD4299 was observed traveling westbound on US-11 in Chateaugay, New York. The vehicle then turned westbound onto NY-122. After traveling about 100 feet, the vehicle made a U-turn and returned toward US-11. The vehicle then traveled eastbound on US-11 and turned northbound onto Jamison Line Road. Jamison Line Road is a north/south road that leads directly to the international border with Canada. The international border between the United States and Canada in that area is delineated only by a short fence and guard rail. As

*United States of America v* **Zoilo ROBLERO-ROBLERO**

such, Jamison Line Road is commonly utilized for illicit activity such as illegal entry into the U.S. and alien smuggling.

4. Approximately 20 minutes later, the dark colored Hyundai was observed traveling back southbound and turning eastbound onto US-11. At this time, a Border Patrol Agent observed multiple occupants in the vehicle, along with some obstructions blocking the agent's view into the rear area of the vehicle compartment. Agents activated their overhead emergency lights to conduct a traffic stop to perform an immigration inspection on the vehicle's occupants. Agents approached the vehicle and identified themselves at United States Border Patrol Agents.

5. The driver stated that he just picked up two friends and was driving back with them. Agents then asked if anyone in the vehicle had any documentation to be in the United States legally, and the driver stated he was a Lawful Permanent Resident but didn't have his documentation on him. The two passengers, one of whom was later identified as Zoilo ROBLERO-ROBLERO, stated that they did not have any documents to be in the United States legally.

6. At this time, the driver and two passengers were placed under arrest and transported to the Burke Border Patrol Station for further records checks and processing.

7. While at the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all three subjects. Records checks confirmed the information previously gathered roadside. Specifically, it was determined that ROBLERO-ROBLERO is a citizen and national of Mexico with no legal right to be in the U.S. Records checks showed ROBLERO-ROBLERO was ordered removed from the U.S. on October 18, 2012, in Douglas, AZ and departed the United States for Mexico that same day and location. ROBLERO-ROBLERO did not obtain the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, to reapply for admission to the United States.

*United States of America v* **Zoilo ROBLERO-ROBLERO**

8.   At the station, ROBLERO-ROBLERO was read his *Miranda* rights, which he waived, and he agreed to speak with agents. During this interview, ROBLERO-ROBLERO admitted to illegally crossing into the United States in 2017 along the southern border near Arizona. ROBLERO-ROBLERO later stated, to the effect, that he was apprehended previously by Border Patrol and was ordered removed back to Mexico. ROBLERO-ROBLERO admitted that he had not been detected by immigration officials since his 2017 illegal border crossing.

9.   Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendant with a violation of 8 U.S.C. § 1326(a).

DYLAN J THOMAS
Digitally signed by DYLAN J THOMAS
Date: 2026.04.15 15:01:02 -04'00'

Dylan J. Thomas
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1
of the Federal Rules of Criminal Procedure.

Date:    April 16, 2026

Hon. Miroslav Lovric
United States Magistrate Judge